JOSEPHINE WHITTINGTON, *Plaintiff in Error,* v. R. E. L.
MCCASKILL, *Defendant in Error.*

Opinion Filed Feb. 11, 1913.

Although marriages between white persons and negro persons are
prohibited in this State both by the constitution and statutes,
where such a marriage takes place in another State between
such persons who are bona fide residents of such State and
who continue to reside there until the death of the wife, and
such marriage is valid in the State where consummated, the
husband is entitled to and takes, under the provisions of sec-
tion 2295 of the General Statutes of 1906, all the property
of the wife situated in this State, where she dies intestate,
without leaving any children or their descendants surviving
her.

Writ of error to the Circuit Court of Escambia County.

Judgment affirmed.

*Sullivan & Sullivan,* for Plaintiff in Error;

*Reeves & Watson & Pasco,* for Defendant in Error.

SHACKLEFORD, C. J.—The plaintiff in error brought an
action of ejectment against the defendant in error for the
recovery of the possession of a lot in the City of Pensa-
cola, which resulted in a verdict and judgment in favor
of the defendant. It developed at the trial, either from
the evidence adduced or from the agreed statement of
facts that Elizabeth Anderson, who was the daughter
of the plaintiff and who had one-eighth or more of negro
blood in her veins, departed this life, intestate, without
any descendants surviving her, seized and possessed of
the lot in question; that, after acquiring the title to such

lot, Elizabeth Anderson removed from Pensacola, Florida, to Leavenworth, Kansas, where she married W. J. Grooms, a white person, with whom she lived there for about six years and died there; that, after her death, her husband, W. J. Grooms, as her only heir at law, conveyed such lot to the defendant. After all the evidence had been submitted, the trial court directed the jury to find a verdict for the defendant.

We shall assume that the plaintiff, as the mother of Elizbaeth Anderson, deceased, was shown by the evidence to have been entitled to maintain this action, though the record is by no means clear as to this. See Section 2295 of the General Statutes of 1906, and Stone v. Citizens' State Bank, 64 Fla. 456, 59 South. Rep. 945. We shall further assume, though the record does not show that proof thereof was made, that such a marriage as the one in question is valid in the State of Kansas. We assume these matters for the reason that no question is raised thereon and they seem to be admitted by the respective counsel. As we understand it, the sole point presented for our determination, as it will be decisive of the case, is as to whether or not the marriage between Elizabeth Anderson and W. J. Grooms in the State of Kansas, where such marriages are recognized as valid, will be held invalid in this State, so as to prevent Grooms from inheriting as the sole heir at law of Elizabeth Anderson, deceased, the lot of which she died seized and possessed. In support of her contention, plaintiff in error relies upon Section 24 of Article XVI of the Constitution of 1885, which is as follows:

"All marriages between a white person and a negro, or between a white person and a person of negro descent to the fourth generation, inclusive, are hereby forever prohibited."

Sections 2579 and 3529 of the General Statutes of 1906, which are as follows, are also relied upon:

"2579. (2063) Marriages Between White and Negro Persons.—It shall be unlawful for any white male person residing or being in this State to intermarry with any negro female person; and it shall be in like manner unlawful for any white female person residing or being in this State to intermarry with any negro male person; and every marriage formed or solemnized in contravention of the provisions of this section shall be utterly null and void, and the issue, if any, of such surreptitious marriage shall be regarded as bastard and incapable of having or receiving any estate, real, personal or mixed, by inheritance."

"3529. (2606) Intermarriage of White and Negro Persons.—If any white man shall intermarry with a negro, mulatto or any person who has one-eighth of negro blood in her; or if any white woman shall intermarry with a negro, mulatto or any person who has one-eighth of negro blood in him, either or both parties to such marriage shall be punished by imprisonment in the State prison not exceeding ten years, or by fine not exceeding one thousand dollars."

We are of the opinion that this quoted section of the constitution and the two quoted statutes fail to support this contention. To hold otherwise we would have to read something therein that is not there. Neither Grooms nor Elizabeth Anderson resided or was in this State at the time of their marriage, nor did they reside therein subsequent thereto. Neither does it appear that she removed from Florida for the purpose of contracting such marriage or with the intent to evade our statute. We see no useful purpose to be accomplished by citing and discussing authorities from other jurisdictions, a

number of which will be found collected in the note to In Re Chace, on page 1054 of 3 Ann. Cas. There would seem to be some conflict in the authorities, but we shall not undertake to analyze them or to point out the statutes upon which they are founded. Since the marriage was valid in the State of Kansas, where it was consummated and where the parties continued to reside until the death of the wife, we are of the opinion that neither our constitution nor the statutes, referred to above, have any applicability thereto. Section 18 of our Declaration of Rights expressly provides: "Foreigners shall have the same rights as to the ownership, inheritance and disposition of property in this State as citizens of the State."

Our statute of descent, Section 2295 of the General Statutes of 1906, also referred to above, provides that "if there be no children or their descendants, and the decedent be a married woman and her husband survive her, all the property, real and personal, shall go to the husband." It follows that the judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.