## WHITEHEAD *v.* BARKER.

1. Husband and Wife—Title—Occupancy—Improvements.

   Woman who had conveyed title of property by warranty deed which purports to have been executed in 1911 and was recorded in 1924 *held,* to have had no title at time of marriage to plaintiff in 1923 so that plaintiff could have an expectancy of title as a basis for claiming lien for improvements on the property made after the marriage, notwithstanding plaintiff and the grantor continued to occupy the premises until her death.

2. Same—Expectancy of Title—Improvements—Presumptions.

   Husband's expectancy of title in property occupied but not owned by wife would be insufficient as color of title to give him a right of compensation for improvements unless the owner was estopped to deny it as improvements by husband upon wife's lands will be generally presumed to be intended by him for her benefit.

3. Same—Improvements—Presumption of Intent.

   Improvements made by husband on wife's separate estate are generally presumed to be intended by him for her benefit and

he is not entitled to compensation for them nor does he acquire thereby any lien on, or interest in, her separate estate.

4. IMPROVEMENTS—RIGHT TO COMPENSATION.

To entitle one in equity to compensation for improvements made upon another's property they must have been made in good faith by improver while holding possession under color of title adverse to the title of the true owner.

5. SAME—ESTOPPEL—FRAUD—OWNERSHIP.

Plaintiff who married woman occupying premises upon which he thereafter made many valuable improvements and occupied with his wife for 11 years until her death *held*, not entitled to recover for improvements which inured to benefit of plaintiff and his late wife in the way of comfort and living, where owner, the adopted daughter of deceased wife's sister, had not so conducted herself as to be estopped from asserting he was not entitled to compensation, it is neither claimed nor proved she was guilty of fraud in inducing plaintiff to believe she was not the owner and that, therefore, he had an expectancy of title, there is no proof of a manifest intention to deceive on owner's part which would amount to constructive fraud, and plaintiff's own daughter appears to have informed him that defendant, not his late wife, was to have the property.

6. LIENS—EQUITY.

A court of equity cannot create a lien.

7. SAME—CREATION.

Liens can only be created by agreement, express or implied, or by some fixed rule of law.

8. IMPROVEMENTS—STATUTES—COMPENSATION—OCCUPANCY.

Statutory right to compensation for improvements made by plaintiff upon property owned by defendant but occupied by woman plaintiff married and with whom he continued to occupy it until she died, some 11 years later, was not established merely by his occupancy, since such occupancy was not an adverse possession, but only a claim to possession through his wife and was without claim or color of title (3 Comp. Laws 1929, § 14946).

9. SAME—EQUITABLE LIEN—HUSBAND AND WIFE.

Equitable lien for improvements, made by plaintiff upon premises owned by defendant, after he married occupant and while he

resided thereon with her for some 11 years *held,* not established, where he had no color of title and no claim of title and claimed possession only through his wife whom the record of the register of deeds showed to be the sole proprietor at time of marriage and who had no children who could inherit in case she died intestate.

Appeal from Wayne; Callender (Sherman D.), J. Submitted January 5, 1939. (Docket No. 45, Calendar No: 39,846.) Decided March 9, 1939.

Bill by Alfred M. Whitehead against Nellie M. Barker to establish an equitable lien on property, for an injunction, and other relief. Cross bill by defendant for rent alleged to be due. From decree rendered, plaintiff appeals and defendant cross-appeals. Reversed and bill dismissed.

*Cochran & Crandell,* for plaintiff.

*Ellsworth G. Smith* and *Hallet B. Frisbie,* for defendant.

McALLISTER, J. Plaintiff, a man 84 years of age, was married in 1923 to Augusta D. Murdock, a widow, who at that time was living on premises in the village of Northville, Wayne county, Michigan. Plaintiff and his wife resided upon the premises from the time of their marriage until the death of Mrs. Whitehead on July 10, 1934.

At the time of the marriage the property in question appeared, according to the records of the register of deeds of Wayne county, to be the sole property of his wife. The wife had no children who could inherit in case she died intestate. She left no will.

When plaintiff went to live on the premises with his wife, the property was in great need of repair. Plaintiff was a plumber by trade and commenced the

making of improvements and repairs to the premises on the belief that they belonged to his wife. Considerable money was expended by him for sewer services, plumbing fixtures, electric fixtures and wiring, and carpenter labor. After the death of Mrs. Whitehead, defendant, who was the adopted daughter of Mrs. Whitehead's sister, came to the premises and claimed to be the owner thereof, by virtue of a warranty deed which had been recorded in the office of the register of deeds November 26, 1924, about a year and a half after the marriage of plaintiff and his wife. The deed purported to have been executed October 3, 1911. The grantees therein were Mrs. Whitehead's brother and defendant. Subsequent to the above date, defendant had received certain quitclaim deeds in which she secured complete ownership of the property. Mrs. Whitehead, however, had no title after the execution of the first warranty deed above-mentioned. When defendant announced her ownership, some discussion with plaintiff followed, which resulted in the execution of a lease dated August 1, 1934, of the premises from defendant to plaintiff for a period of a year without rent.

It appears that defendant had frequently visited plaintiff and his wife during the course of the repairs and improvements and had complimented plaintiff upon the work being done, stating that her aunt's house would be a much better place to live in when it was fixed up the way they wanted it. Plaintiff resided in the premises until May 18, 1936, when ouster proceedings were commenced before the circuit court commissioner by defendant against plaintiff. On May 21, 1936, plaintiff filed a bill of complaint setting forth the circumstances above related, alleging that he had no knowledge that his wife was not the owner of the premises; that defendant knew of the

repairs which were being made and approved them, and asking the court to decree an equitable lien for the expenditures made by plaintiff upon the premises. Up to the time of trial, plaintiff had occupied the premises, paying no rent for a period of approximately 12 years, — 11 years during the lifetime of his wife and a year subsequently. The circuit court, after hearing, entered a decree finding that the value of the improvements made by plaintiff on the premises amounted to $1,300; that the defendant was entitled to a fair rental from August 4, 1934 to the date of decree in the sum of $736, less certain taxes paid by plaintiff, leaving an amount of $668 to be deducted from the amount of the value of the improvements made by plaintiff, and that plaintiff was, therefore, entitled to an equitable lien in the amount of $631.28. The court further decreed that such lien could be satisfied by defendant either by cash or by a lease of the premises, dated as of April 20, 1937, for such period at a rental of $22.50 per month as would amount to $631.28. From such decree both parties appeal.

It is claimed by plaintiff that the "expectancy of title" to property is sufficient color of title to give an occupant a right to compensation for improvements where the owner is estopped by reason of his expressed or implied consent to the making of the improvements. 31 C. J. p. 330. But plaintiff had no expectancy of title. He could only have such from his wife, in this case; and his wife was not the owner, and had no title to give by deed or will. If plaintiff had an expectancy of title, it would not have been sufficient as color of title to give him a right of compensation for improvements unless the owner was estopped to deny it. Improvements by the husband upon the lands of the wife will *in general* be presumed to be intended by him for her benefit, and he

is consequently not entitled to compensation for the same, nor does he acquire thereby any lien on, or interest in, his wife's separate estate. 30 C. J. p. 859. See *Murphy* v. *Stever,* 47 Mich. 522.

In *Bryan* v. *Councilman,* 106 Md. 380 (67 Atl. 279, 14 Ann. Cas. 1175), it was held that where a wife expended her money in making improvements on lands to which she did not claim title, but which she believed to be the property of her husband, she had no right of lien on the land for the value of such improvements. The court said:

"The appellants have pressed upon us the well-recognized principle of compensation for improvements made upon another's property. Now to entitle the party claiming to a standing even in a court of equity there must be three concurrent essentials.

"1. He must have held possession under color of title.
"2. His possession must have been adverse to the title of the true owner.
"3. He must have acted in good faith. 16 Am. & Eng. Encyc. of Law (2d Ed.), 79–83.

"Again—As a general rule in order that one may recover compensation for improvements made on another's land, it is necessary that he should have made such improvements in good faith, while in *bona fide* adverse possession of the land under color of title. 22 Cyc.; pp. 15, 16. By good faith is meant an honest belief on the part of the occupant that he has secured a good title to the property in question and is the rightful owner thereof. And for this belief there must be some reasonable grounds such as would lead a man of ordinary prudence to entertain it. 16 Am. & Eng. Encyc. Law (2d Ed.), pp. 85, 86.

"In *McLaughlin* v. *Barnum,* 31 Md. 425, 454, Judge Miller delivering the opinion of the court, uses this language: 'All that is required to entitle a defendant to claim this equity is that he be a *bona fide* occupant

or possessor, and not a mere *tortfeasor* or *mala fide* intruder, holding with full knowledge of his own position and of the adverse claim.' The supreme court, in *Green* v. *Biddle,* 8 Wheat. (21 U. S.) 1, 79, have defined a *bona fide* possessor, according to the doctrine of the civil law, to be one 'who not only supposes himself to be the true proprietor of the land, but who is ignorant *that his title is contested* by some other person claiming a better right to it.' 2 Story's Equity Jurisprudence (6th Ed.), p. 142, § 799, 'if a plaintiff in equity seeks the aid of the court to enforce his title against an *innocent* person who has made improvements on lands, *supposing himself to be the absolute* owner, the aid will be given to him only upon the terms that he shall make *due compensation* to such innocent person to the extent of the benefits which will be received from these improvements.' "

In this case, the improvements were not upon the wife's property, but upon the property of a third person, plaintiff's wife appearing to have only a right of occupancy under what may have been an understanding that she was to have a life lease. Plaintiff could not rely on expectancy of title as the title was in Mrs. Barker. Is she estopped, then, from asserting that plaintiff is not entitled to compensation for improvements? The answer must be found in her conduct. There was no inducement on her part to plaintiff to make such improvements. She made no representations to him and the extent of her acquiescence consisted only in commenting "that it was a nice place," while the improvements were being made. She did not mislead plaintiff into thinking that she had no title. Her silence on this point is not inconsistent with honest conduct. The house previously had been in poor repair. Mrs. Whitehead had the benefit of the improvements during the last 11 years of her life. Defendant was receiving

no immediate advantage therefrom. It was inuring to the benefit of the plaintiff and his wife in the way of comfort and living conditions. Under the circumstances it would be rather unseemly for defendant to warn plaintiff against making the improvements for the benefit of his wife, defendant's benefactor, on the ground that at an uncertain time in the remote or distant future, defendant would be entitled to take over the property. It is not proved nor claimed that she was guilty of fraud in inducing plaintiff by her attitude and silence to believe that she was not the owner of the property, and that, therefore, he had an expectancy of title.

It has been said that the right to compensation for improvements may arise by estoppel, even though the occupant is not one entirely in good faith, where the owner has by his conduct encouraged such occupant to make such improvements, or has so conducted himself while they were being made as to make it a fraud for him to take them without paying therefor. *Grider* v. *Driver,* 46 Ark. 109.

But there is no proof of a manifest intention to deceive on the part of defendant which would amount to constructive fraud, or a showing that by her conduct she encouraged plaintiff to make improvements or conducted herself while they were being made as to result in a fraud in taking the improvements without paying for them. Defendant might be estopped under certain circumstances if her conduct showed such a manifest intention to deceive as to amount to a constructive fraud and a resultant advantage to herself.

In *Steel* v. *Smelting Co.,* 106 U. S. 447 (1 Sup. Ct. 389), it was said:

"The principle invoked is that one should be estopped from asserting a right to property upon which he has, by his conduct, misled another, who

supposed himself to be the owner, to make expenditures. It is often applied where one owning an estate stands by and sees another erect improvements on it in the belief that he has the title or an interest in it and does not interfere to prevent the work or inform the party of his own title. There is in such conduct a manifest intention to deceive, or such gross negligence as to amount to constructive fraud. The owner, therefore, in such a case will not be permitted afterwards to assert his title and recover the property, at least without making compensation for the improvements. But this salutary principle cannot be invoked by one who, at the time the improvements were made, was acquainted with the true character of his own title, or with the fact that he had none.''

On the claim of plaintiff's belief and reliance on his wife's ownership, we are impressed by the fact that Mrs. Leadbetter, plaintiff's daughter, who appears to maintain friendly relations with her father, testified that she had urged him, for his own protection, not to make expenditures in improvements of the property, for the reason, as she told him, that it was generally understood that Mrs. Barker ''was to have the place * * * it was just an understood fact that she was to have the property; that her aunt intended to give her the property, or she was eventually going to have it.'' This testimony is not contradicted or disputed.

A court of equity cannot create a lien. Liens can only be created by agreement, express or implied, or by some fixed rule of law. *Dehn* v. *Dehn,* 170 Mich. 407. There was no agreement, express or implied, between the parties. Plaintiff claims, however, that he is entitled to compensation for improvements under 3 Comp. Laws 1929, § 14946 (Stat. Ann. § 27.1957), which provides:

''Whenever in any action of ejectment the plaintiff, or any one or more of the plaintiffs, if there be

more than one, shall recover, or recover any undivided interest in the premises, the defendant or defendants shall be allowed compensation in proportion to such recovery for buildings and improvements on the premises recovered, erected, or made by him or them, by any person through whom he or they claim title to the extent that such buildings and improvements shall increase the present value of said premises: *Provided,* The defendant or defendants, or the person through whom he or they claim title, shall have been in the actual peaceable occupation of the premises recovered, for six years before the commencement of the action: Or *Provided,* The same shall have been so occupied for a less time than six years under a color of title and in good faith.''

Plaintiff, however, could not recover under the statute as the term ''occupancy,'' as used therein, means ''such an occupancy as, under the rules of common law, would entitle one to acquire a title by adverse possession.'' *Jones* v. *Merrill,* 113 Mich. 433 (67 Am. St. Rep. 475); *Sleight* v. *Roe,* 125 Mich. 585. In *Boucher* v. *Trembley,* 140 Mich. 352, it was held that under the statute a claimant was entitled to no compensation for improvements where he had not occupied the premises under color of title.

In the instant case, plaintiff's only claim to possession was through his wife. He never made any claim of title and occupied the premises under no color of title. Accordingly, plaintiff made no case by his proofs which calls for equitable interposition.

The decree awarding plaintiff an equitable lien is set aside and the bill of complaint dismissed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. NORTH, J., took no part in this decision.