HOGERHEIDE *v.* HICKEY.

1. IMPROVEMENTS—RIGHT TO COMPENSATION—GOOD FAITH—POSSESSION—COLOR OF TITLE.
    To entitle one in equity to compensation for improvements made upon another's property they must have been made in good faith by improver while holding possession under color of title adverse to the title of the true owner.

2. SAME—RIGHT TO COMPENSATION—INNOCENT MISTAKE.
    Requirements of color of title and adverse possession have no application in case of improvements on another's property through an innocent mistake.

3. SAME—RIGHT TO COMPENSATION—COURT RULES—BURDEN OF PROOF.
    Court-rule provision foreclosing collection for value of improvements if they were made in bad faith, shifts burden of proof and emphasis as to element of good faith from improver to owner (GCR 1963, 754.5[3]).

4. SAME—CONSTRUCTION OF COURT RULE—BAD FAITH—FRAUD.
    Term *bad faith* in the context of court rule relative to compensation for improvements on real estate is construed to mean not *fraud* or *overreaching,* but simply a *lack of good faith* (GCR 1963, 754.5[3]).

5. COURTS—CONSTRUCTION OF COURT RULES—SUBSTANTIVE RIGHTS—PROCEDURE.
    The Court of Appeals will adopt an interpretation of a court rule which preserves the substantive rights of the parties and merely regulates the procedure for enforcing them, where to

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  27 Am Jur, Improvements § 20.
    Compensation for improvements made or placed on premises of another by mistake.  57 ALR2d 263.
[3]  20 Am Jur, Evidence § 131.
    20 Am Jur 2d, Courts § 85.
[4, 5]  20 Am Jur 2d, Courts § 86.
[6]  27 Am Jur, Improvements § 32.

construe it otherwise is to give court rule effect of changing
substantive rights (GCR 1963, 754.5[3]).

6. IMPROVEMENTS—FINDING OF TRIAL COURT—PREPONDERANCE OF EVI-
DENCE.

Finding of trial court that plaintiff who had improved real estate
to which title had been held by his late wife and her brother
as joint tenants had failed to establish a case for equitable
intervention and to obtain compensation for the improvements
*held,* not against the clear preponderance of evidence.

Appeal from Kent; Vander Wal (John H.), J.
Submitted Division 3 October 5, 1965, at Grand
Rapids. (Docket No. 518.) Decided April 12, 1966.

Complaint by Francis Hogerheide against Leo M.
Hickey for a determination of rights in certain real
property or, in the alternative, reimbursement for
the value of certain improvements to the property.
Counterclaim by defendant that plaintiff had no
interest in either the property or improvements.
Judgment for defendant. Plaintiff appeals. Af-
firmed.

*Dilley & Dewey (Newton Dilley,* of counsel), for
plaintiff.

*Roach, Smolenski & Twohey (Robert A. Benson,*
of counsel), for defendant.

T. G. KAVANAGH, J.   In 1955 defendant Leo
M. Hickey, pursuant to a land contract, took title
to a lot near Barlow lake in Barry county as a joint
tenant with his sister, Marguerite Hogerheide, then
wife of the plaintiff.

During the years 1956 through 1960 the plaintiff,
primarily with his own labor, constructed a home
on the lot.

In May, 1961, Marguerite Hogerheide died, and
in the summer of 1962 the plaintiff remarried.

When later the question of ownership of the property arose, defendant started suit for ejectment and plaintiff brought the instant suit in equity praying for determination of his rights in the property asking either for title or reimbursement for the value of the improvements he made. Defendant filed a counterclaim and asked the court to determine that plaintiff had no interest in the property or improvements.

The trial judge determined that defendant alone held title by reason of surviving the joint tenant Marguerite Hogerheide and found that the plaintiff's possession was not under "color of title," that it was not adverse to defendant's title and that the plaintiff did not show "good faith" within the definition of that phrase contained in *Whitehead* v. *Barker* (1939), 288 Mich 19. The court ruled that plaintiff had no interest in the property and was not entitled to reimbursement for the improvements, and ordered the plaintiff to give possession thereof to defendant.

The appellant alleges error in the court's affirmative answer to the following question:

"Does Michigan law require a court of equity to deny relief to an occupying claimant unless the claimant can establish:

"1. That his possession was under 'color of title',

"2. That his possession was adverse to the title of the true owner.

"3. That he acted in good faith?"

His argument is to the effect that the requirements of the "color of title" and "adverse possession" are not required under the cases of *Ollig* v. *Eagles* (1956), 347 Mich 49, and *Hardy* v. *Burroughs* (1930), 251 Mich 578; and the requirement of the demonstration of "good faith" as a qualification as in *Whitehead, supra,* is replaced by the requirement of the demonstration of "bad faith" as a disqualifica-

tion under GCR 1963, 754.5(3). We do not agree completely.

While the requirements of "color of title" and "adverse possession" have no application in the case of improvement of another's property through an innocent mistake as in *Hardy, supra,* they are still required under *Whitehead, supra.*

In the *Ollig Case, supra,* though there was no mistake, the Court permitted recovery on the theory that the defendant there was estopped to interpose a defense because of his conduct.

The cases are clearly distinguishable among themselves and from the case at bar. Here the court found that the improvements were not made under a mistake as in *Hardy, supra,* but on the contrary, with knowledge of the defendant's ownership. He also found that the conduct of the owner did not estop him from asserting his defense as in *Ollig, supra.*

This leaves only the consideration of the effect of GCR 1963, 754.5, which reads:

"5. Claim for the Value of Buildings Erected and Improvements Made on the Premises.

"(1) Within 30 days after the finding of title any party may file a claim against the party found to have title to the premises for the amount that the present value of the premises has been increased due to the erection of buildings on the premises or the making of improvements on the premises by the party making the claim or those through whom he caims.

"(2) Evidence shall be taken as to the value of the buildings erected and improvements made on the premises and as to the value which the premises would now have had they not been improved or built upon. Thereafter, findings shall be made determining the amount that the premises would be worth at the time of the claim had the premises not been improved and determining the amount that the value

of the premises was increased at the time of the claim by reason of the buildings erected and improvements made on the premises.

"(3) The party claiming the value of the improvements shall not collect for the value of the improvements if they were made in bad faith."

We perceive the effect of (3) above as shifting the burden of proof and emphasis in the inquiry involved in these cases.

Whereas prior to the adoption of the court rule, except in case of mistake, the improver had to show the three elements listed in *Whitehead, supra; viz.,* "color of title", "adverse possession", and "good faith"; under the court rule the burden is on the owner (once the first two elements are established) to show "bad faith."

"Bad faith" has often been equated with fraud or overreaching. In this context, however, in light of the use of the term "good faith" in the prior decisions on the subject, we believe it is used here to signify simply a lack of "good faith."

To construe it otherwise is to give the court rule the effect of changing substantive rights. We are persuaded it was not so intended. See committee comment on GCR 1963, 754.5. Under the interpretation we adopt, the rule preserves the substantive rights of the parties and merely regulates the procedure for enforcing them.

In the case before us the chancellor found that the plaintiff failed to establish a case for equitable intervention. A careful review of the evidence convinces us that the chancellor had ample evidence upon which to base his judgment and there is no preponderance of evidence to require a contrary conclusion.

Affirmed, with costs to appellee.

BURNS, P. J., and HOLBROOK, J., concurred.