658 So.2d 581 (1995)
Franklin A. DENISON, Appellant,
v.
Gertrude W. DENISON, Kenelm Denison, Broward Marine, Inc., a Florida corporation, et al., Appellees.
Nos. 93-2302, 91-21100 (22) and 92-01608 (22).
District Court of Appeal of Florida, Fourth District.
July 5, 1995.
Rehearing, Clarification, and Certification Denied August 30, 1995.
William C. Salim, Jr. and Greg Rosenthal of Simon, Moskowitz & Mandell, P.A., Fort Lauderdale, for appellant.
Timothy J. McDermott and Michele K. Feinzig of Tripp, Scott, Conklin & Smith, Fort Lauderdale, for appellee-Kenelm Denison.
WARNER, Judge.
This appeal emanates from a final declaratory judgment of the trial court which determined that the appellant/father was estopped from asserting that his son/appellee had no rights in property owned by the appellant and his wife in Michigan upon which the son had constructed an expensive beach house. The trial court gave the father the option of either paying the son the fair value of the improvements or of conveying the property to the son for a price determined by the court. The father challenges the court's jurisdiction to determine rights to Michigan property. We agree that the court lacked jurisdiction to consider this dispute and therefore reverse.
Procedurally, this case commenced as a dissolution of marriage between the father and mother. While the dissolution centered around a family corporate dispute involving the father, the mother, and the son, the father and mother also owned property in Michigan for which the father sought a declaratory judgment against the son as to the rights of the parties in connection therewith. The son filed his own counterclaim requesting a declaratory judgment as to his rights in the Michigan property based upon implied contract, unjust enrichment, and betterment, or alternatively, promissory estoppel. In his *582 request for relief, he asked for an order requiring the father to transfer title to him or for an order recognizing his equitable right in the land. Alternatively, he requested an equitable lien on the property for the value of the improvements he added to the property. It should be noted that the mother and son were aligned against the father in both the corporate dispute and the dispute over the Michigan property.
In due course, the dissolution action was settled between the father and mother. This settlement disposed of all issues except the son's counterclaim against the father. Therefore, the only issue left for the trial court to resolve concerned the rights of the parties in the Michigan property.
The property at issue is part of a larger tract in Saugatuck Township, Michigan, which abuts Lake Michigan and the Kalamazoo River. The father and mother are the record owners of the property. We need not detail all of the facts regarding the development of this property. Suffice it to say that the son built an expensive beach house on part of the land, and the appellant was very aware of, and at least tacitly approved of, its construction by signing various permits connected with its construction and by viewing its progress.
In its final judgment, the trial court found that it had jurisdiction to determine the rights of the parties and further concluded that the father was estopped from asserting that his son had no rights in the property. The trial court found that the son was entitled to ten acres surrounding the home. The court then gave the father the option of paying for the improvements made by the son, or alternatively, should the father elect not to purchase the improvements, he was ordered to convey to the son the ten acre tract plus an unrestricted easement for ingress and egress over the retained land. It is from this judgment that this appeal is taken.
The subject matter of this appeal is property in Michigan, and the son attempted to assert an equitable interest in the land based upon his improvement of it and the father's acquiescence thereto. Even though the subject matter is land upon which this court could not directly affect title, the son argues that because this court can act on the party before it and cause that party to execute a conveyance of land, Florida may still exercise jurisdiction. See LeMire v. Galloway, 130 Fla. 101, 177 So. 283 (Fla. 1937). Under the particular facts of this case, we hold that Florida cannot exercise jurisdiction.
It is a general and universal rule that real property is subject to the laws of the state in which it is situated. See Montgomery v. Samory, 99 U.S. 482, 25 L.Ed. 375 (1878); Kyle v. Kyle, 128 So.2d 427 (Fla. 2d DCA 1961); 10 Fla.Jur.2d Conflict of Laws § 24. Therefore, we must look to Michigan law to ascertain the rights and remedies of the parties in this case.
Under Michigan law, "title to real estate may not, in the absence of fraud ..., rest on estoppel." Bentley v. Cam, 362 Mich. 78, 106 N.W.2d 528, 531 (1960). Nevertheless, although title may not rest on estoppel, a party who improves land not his own may be entitled to compensation for those improvements. See Ollig v. Eagles, 347 Mich. 49, 78 N.W.2d 553 (1956) (plaintiff who mistakenly built home on land not his own but with the belief that it belonged to wife was entitled to an award of the reasonable value of the improvements made to land where true owner had full knowledge of the construction and silently acquiesced in it); Cf. Whitehead v. Barker, 288 Mich. 19, 284 N.W. 629 (1939). Although the son cannot establish a claim to title to the property based on estoppel, he can claim the value of the improvements. Again, that process is controlled by Michigan statute and rule. See Rule 3.411, Michigan Rules of Court. After a finding of title, the party without title may file a claim against the party having title for the amount which the property's value has been increased by the improvements made. If the person found to have title fails to pay the amount of the judgment for the improvements made by the other party within the time set in the judgment, the title holder is deemed to have abandoned all claim of title to the premises to the party in whose favor the judgment for the value of the improvements runs. Rule 3.411(G)(2)(b). The rule also provides that the party having title may elect to abandon *583 the title by filing an election of abandonment with the court. Rule 3.411(G)(1). That party may then require the party who improved the property to pay the value of the premises without the improvements to the title holder, which judgment shall be a lien against the property. Id. Thus, under Michigan law the judgment will operate directly on the property.
From the foregoing, it should be clear that because the Florida court cannot act directly on the property, it cannot effect complete relief in this case to which the parties would be entitled by Michigan law. The father, as titleholder, cannot be forced to convey his property to his son, because to do so would create a title by estoppel. A Florida judgment cannot itself act as a lien on the property for the value of the improvements. Further, if the judgment is not paid, the judgment of the Florida trial court cannot act as a conveyance of the land in Michigan.
We therefore reverse the final judgment and dismiss this case for lack of subject matter jurisdiction.
PARIENTE, J., and KROLL, KATHLEEN J., Associate Judge, concur.