703 So.2d 1167 (1997)
In re ESTATE OF Angelika Gabriele SALATHE, deceased.
Heinz SCHULA and Gerhard Schmalz, Appellants,
v.
Jurgen Henrich SALATHE, Appellee.
No. 96-04153.
District Court of Appeal of Florida, Second District.
December 12, 1997.
*1168 Charles J. Bartlett of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellants.
John D. Dumbaugh and F. Scott Westheimer of Syprett, Meshad, Resnick & Lieb, Sarasota, for Appellee.
QUINCE, Judge.
This appeal arises out of the administration of Angelika Salathe's estate. Heinz Schula and Gerhard Schmalz (personal representatives of the decedent's estate in Germany) challenge the trial court's determination that Jurgen Henrich Salathe (Salathe), the decedent's husband, was entitled to inherit her Florida property through intestate succession. Because we find that Salathe is the surviving spouse and entitled to inherit under Florida's intestacy laws, we affirm.
The decedent and Salathe were married in Germany on November 11, 1986, and lived in Germany for the duration of their marriage. One child, a minor, resulted from the marriage. The parties separated in 1992 and from that time on did not live together. As evidence of their separation, the decedent and Salathe entered into a mutual agreement confirming that their marriage was ended as of July 1992. The agreement also stated that if at any time they desired to "start the marriage again" the parties would execute a written confirmation of that intention. The agreement was executed by both Salathe and the decedent. Salathe subsequently left Germany and took up residence on property owned by the decedent in Manatee County, Florida.
Following his move to Florida, Salathe filed for divorce in 1993. Concluding that Germany was the proper venue for a divorce action between Salathe and the decedent, the trial court dismissed Salathe's Florida divorce action. The trial court's decision was affirmed per curiam by this court. Salathe v. Salathe, 657 So.2d 1173 (Fla. 2d DCA 1995). During this time the decedent filed for divorce in Germany, but was unable to obtain jurisdiction over Salathe in Germany and complete the proceeding prior to her death from cancer on May 11, 1995.
Although the decedent was unable to complete divorce proceedings, she did execute a holographic will. The will, dated December 4, 1994, and executed by the decedent in Germany, expressly disinherited Salathe and left her entire estate to the minor child. Salathe's conduct during the marriage, which was the basis for decedent's decision to disinherit him, was specifically set forth in the will.
On the ground that the decedent died intestate, Salathe filed a petition for administration, naming himself as the decedent's surviving spouse and laying claim to her ancillary estate; namely the Manatee County home. Salathe also filed a statement of claim against the ancillary estate.
On May 6, 1996, the personal representatives of the decedent's German estate filed a petition for determination of beneficiaries. The petition opposed Salathe's claim to the estate and alleged that he was not a surviving spouse for intestate succession purposes under German law. Salathe moved for summary judgment, arguing that because there was no final judgment of divorce he was legally decedent's surviving spouse. Following a review of both Florida and German law, the trial court entered summary judgment in favor of Salathe, concluding that Florida law, not German law, controlled the issue. The trial court's conclusion was based on the absence of a judicial decree of divorce indicating that Salathe was legally married to the decedent at the time of her death.
The decedent's holographic will is without force or effect under Florida law. § 732.502(2), Fla. Stat. (1995). Therefore, absent a disposition of her Manatee County property under a valid will, the decedent died intestate with regard to that property. § 732.101, Fla. Stat. (1995). Under Florida's intestacy laws, a surviving spouse takes the first $20,000 plus one-half of the balance of *1169 the estate if there are lineal descendants of both the decedent and the surviving spouse. § 732.102(1)(b), Fla. Stat. (1995). Any surviving children take the remainder of the estate. §§ 732.102, 732.103(1), Fla. Stat. (1995).
Unquestionably, Florida's intestacy laws apply to the inheritance of property located in Florida. Kyle v. Kyle, 128 So.2d 427 (Fla. 4th DCA 1961); see also Denison v. Denison, 658 So.2d 581 (Fla. 4th DCA 1995), review denied, 670 So.2d 937 (Fla.1996)(property is subject to the laws of the state in which it is located). The central issue presented by this case, however, is whether Florida or German law is controlling on the status of the marriage and Salathe's status as a surviving spouse. For the foregoing reasons, we believe German law controls the status of the marriage.
Salathe's right to inherit through intestate succession depends on his relationship to the decedent. Salathe concedes that he would not be considered the decedent's surviving spouse under the German laws of inheritance. However, he argues that under Florida law a marriage is not broken without judicial process and that absent a divorce decree he is the decedent's surviving spouse. Reopelle v. Reopelle, 587 So.2d 508 (Fla. 5th DCA 1991), review denied, 599 So.2d 657 (Fla.1992).
While Salathe's recitation of Florida law is correct, we believe that under these circumstances Florida law does not determine the status of the parties. It is undisputed that the parties' entire marriage and separation took place in Germany. The decedent continued to live with the minor child in Germany until her death. The separation agreement was executed in Germany. Every connection between the parties concerning their marriage arose in Germany. This German nexus prevented Salathe from obtaining a divorce from the decedent in Florida. Salathe v. Salathe, 657 So.2d 1173 (Fla. 2d DCA 1995). Accordingly, we believe that this nexus necessitates the application of German law to determine the nature of Salathe's marital relationship with the decedent at the time of her death. Goldman v. Dithrich, 131 Fla. 408, 179 So. 715 (1938)(as a general rule, a marriage is governed by the place of its celebration); Johnson v. Lincoln Square Properties, 571 So.2d 541 (Fla. 2d DCA 1990) (the validity of a marriage is determined in accordance with the laws of the place where the marriage occurred); see also Whittington v. McCaskill, 65 Fla. 162, 61 So. 236 (1913)(marital status of parties controlled by law of their domicile).
Having determined that Salathe's status must be determined in accordance with German law, we now turn to the German law on marital status. Under German law, parties are not legally divorced absent a valid, judicially rendered final judgment. § 29, Marital Law Statute, Federal Republic of Germany. No such decree was presented in this case. Thus, the parties were still legally married at the time of decedent's death. Although we recognize that under German inheritance law the designation of a party's marital status may be modified in order to accomplish the policy underlying the inheritance laws, no such modification is applicable under Florida law. See § 1933 Cessation of Spousal Inheritance, German Code (which prevents a party, although legally married to a decedent, from inheriting decedent's estate). Because the inheritance of property is controlled by the law where the property is located, German inheritance law is not applicable in this situation. See Talmudical Academy of Baltimore v. Harris, 238 So.2d 161 (Fla. 3d DCA 1970).
Since Salathe may properly be considered the decedent's surviving spouse under German marital law, he is entitled to a share of the Manatee County property as a surviving spouse pursuant to Florida's law on intestate succession.
CAMPBELL, A.C.J., and FRANK, J., concur.