ERVIN, Justice.
This is an appeal by Mrs. Phillip Davis, appellant, from an order of the County Judge of Okaloosa County, sitting in probate, in which order he denied the probate of a holographic will in the Estate of Mag-nus Ferdinand Olson, because it was not attested by two witnesses.
The County Judge in his order denying probate found and held, inter alia:
“ * * * and the Court being of the opinion that said holographic will is not subject to probate in the State of Florida because it was not executed within the requirements of the probate laws of the State, and that the constitutional questions raised by the petitioner as to the validity of F.S.A. 731.07, and all other related constitutional questions are found to be without merit. * * * ”
Our appellate jurisdiction is involved because the order passed directly upon the constitutionality of Section 731.07.
The appellant raises as a first point in her brief:
“Whether or not an intelligently written will in the handwriting of the deceased, who was fully competent and cognizant, will be recognized, or voided for the sole reason of the absence of two witnesses, as required in Section 731.07 F.S.; and whether or not such statutory requirement invades and violates constitutional rights.”
Under this heading, appellant argues that the right to dispose of property is perhaps *643 one of the oldest rights of man, citing from 57 Am.Jur. 41, and 128 A.L.R. 946 on this proposition.
Appellant urges upon us the propositions, without citation of authority, “that the constitutional right to own property must, by necessity, be accompanied by the right to dispose of property and the rights of persons to acquire property, including acquisition through testamentary disposition. * * * The law of this State and generally is that the presumption exists that a person prefers to die testate rather than intestate. * * * that enlightened legal thinking calls for the adoption of the proposition that a holographic will, with the testator’s signature affixed, found in his bank deposit box, unrevoked or unaltered in any respect, preserves this presumption.”
In candor, however, the appellant concedes that these propositions are difficult ones to sustain, in view of the statutory requirement and because in Taylor v. Payne (1944) 154 Fla. 359, 17 So.2d 615, 154 A.L. R. 677, this Court held:
“The right of testamentary disposition of property does not emanate from the organic law but is a creature of the law derived solely from statute without constitutional limitation and is at all times subject to regulation and control by legislative authority.”,
which pronouncement was followed in In Re: Blankenship’s Estate (Fla.1960) 122 So.2d 466.
F. S. Section 731.07, F.S.A. reads in part as follows:
“731.07 Execution of wills. — Every will, other than a noncupative will, must be in writing and must be executed as follows:
(1) The testator must sign his will at the end thereof, or some other person in his presence and by his direction must subscribe the name of the testator thereto.
(2) The testator, in the presence of at least two attesting witnesses present at the same time, must sign his will or cause his name to be signed as aforesaid or acknowledge his signature thereto.
******
(6) No particular form of words is necessary to the validity of a will if it is executed according to the formalities required by law.”
While duly cognizant that the testator’s intention, as expressed in the holographic will, may have been thwarted by operation of the statute and despite the earnest contentions of appellant, we believe on principle the quoted statute governs this case and the rule of law so provided can only be changed by the legislature, if in its wisdom it deems it advisable.
The obvious intent of the statute requiring the attestation of a will by at least two witnesses, whether holographic or in another form, is to assure its authenticity and to avoid fraud and. imposition.
We find the statute to be a constitutional regulation within the province of the legislature to enact. Under our authorities, it is not an unwarranted restriction upon the disposition of property or its acquisition. The legislature intended it to be promotive of good public policy.
In a second point in her appeal, the ap' pellant urges the following:
“Whether or not the torn and partially destroyed will was sufficiently established, by competent evidence, to have been validly executed; and, if so, whether or not the evidence shows that the same was later revoked by destruction ; and whether or not the probate court misconstrued the law and the evidence in admitting the same to probate under the doctrine of dependent relative revocation.”
*644 This point relates to another purported will of the testator which was admitted to probate instead of the will under which Mrs. Davis claims.
Inasmuch as we have disposed of the first point which is decisive of all the claim or interest of the appellant in and to the testator’s estate, and of the issues involving our jurisdiction, we do not believe it necessary or appropriate that we undertake to dispose of the second point raised by appellant.
The judgment is affirmed.
THORNAL, C. J., and THOMAS, ROBERTS, DREW, O’CONNELL and CALDWELL, JJ., concur.