330 So.2d 679 (1976)
Succession of Dr. Clovis J. MELANCON.
No. 5420.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1976.
*680 Tate & Tate by Donald J. Tate, Mamou, for executor-appellant.
John Sturgeon, Ferriday, J. Jake Fontenot, Mamou, John Saunders, Mamou, for appellee.
Before HOOD, GUIDRY and PETERS, JJ.
GUIDRY, Judge.
This is an action for a declaratory judgment interpreting the effect of certain additions and lineations in the last will and testament of Dr. Clovis J. Melancon, deceased. The suit was instituted by Dr. Frank P. Savoy, the executor of his last will and testament. All legatees, being the only parties in interest, were made defendants.
Dr. C. J. Melancon, on August 24, 1971, executed a three page statutory will pursuant to LSA-R.S. 9:2442. Included in this will were legacies numbered II, 2.1 (F) and, II, 2.1 (I) which read as follows:

"(F) To each child of William Ward, living at my death, including enfant en ventre sa mere, the sum of Twenty Thousand ($20,000.00) Dollars. ..."
"(I) To Linton Allen, the sum of Five Thousand and Five Hundred ($5,500.00 Dollars."
At the time of probate each of the aforesaid legacies were lined out. In the margin and opposite the legacy to the William Ward children appears the notation, "I revoke Section F" and under this notation is the signature of Dr. C. J. Melancon. Interlined through the legacy to Linton Allen appears the notation, "This item Revoked" followed by the signature, Dr. C. J. Melancon. Neither notation is dated. There is no question but that the markings, notations and signatures were all made by the testator, Dr. C. J. Melancon.
The trial court held these lineations and notations to be without effect and as not constituting a valid revocation of the aforesaid legacies. The trial court reasoned that since the attempted revocations were not clothed in the form of any type of testament, codal or statutory, that same were not valid. The trial judge relied on the provisions of R.C.C. Article 1692 to support this conclusion. The executor, *681 Dr. Savoy, has appealed from the trial court judgment.
The issues presented herein are:

(1) Do the provisions of the Revised Civil Code with regard to the revocation of testaments apply to statutory wills;

(2) If such codal provisions do apply was Dr. Melancon's attempted revocation made in one of the forms prescribed for testaments and clothed with the same formalities; and,

(3) If such codal provisions are not applicable do the notations, etc. constitute a valid revocation of the Ward and Allen legacies.

The statutory form of will (LSAR.S. 9:2442) derives from the common law. The statute authorizing this type of will was enacted so as to provide another and more simple type of will. In adopting this common law form of will it was the purpose of the legislature to evade the strict standards of form required of civil law testaments. Succession of Porche, 288 So.2d 27 (Sup.Ct.1973); and, Succession of Morgan, 257 La. 380, 242 So.2d 551 (La.1971).
Both at the common law and in our own civil law "revocability" is an essential characteristic of a will. The testator retains the power of revocation until his decease. (R.C.C. Article 1691; 79 Am.Jur.2d 500). Another principle, uniformly applied both at the common law and in civilian jurisdictions, is to the effect that the revocation of a will is a matter of statutory regulation and that such statutes are mandatory and strictly pursued. (95 C.J.S. Wills §§ 263 and 269; 79 Am.Jur.2d 502). Partial revocations are likewise permitted both in some common law jurisdictions and under our own civil law, however, again the authority for a partial revocation is generally regulated by statute which is to be strictly pursued. (95 C.J.S. Wills § 279; R.C.C. Article 1691). It is generally held at common law that if a statute provides for revocation but fails to provide any particular mode to be followed, the method of cancellation is left to the judgment of the testator and any act done, which in common understanding is regarded as a cancellation when done to any other instrument, must be considered as a cancellation when done to a will or any part thereof. (95 C.J.S. Wills § 280(4)).
LSA-R.S. 9:2442 does not provide that the statutory will is revocable in whole or in part nor does it provide any method for general or partial revocation. This being so, considering the basic concepts of the common law and civil law that a testament is revocable during the lifetime of the testator and that the manner of revocation, both general and particular, is regulated by statute which is strictly pursued, it must have been intended by the legislature that the provisions of our civil code which regulate these matters should apply to the statutory will. That this was the legislative intent seems evident by the action of the legislature when it statutorily overturned two decisions of our appellate court, holding that certain provisions of our civil code having general application to all types of wills were not applicable to statutory wills, i.e., Succession of Gordon, 257 La. 1086, 245 So.2d 319 (S.Ct.1971) and Woodfork v. Sanders, 248 So.2d 419, writ denied 259 La. 759, 252 So.2d 455 (4th Cir. 1971). In Succession of Gordon, supra, the court held that since LSA-R.S. 9:2442 did not expressly require a statutory will to be dated, as did other forms of wills provided for in the Civil Code, a date was not essential to the validity of such will. In Woodfork v. Sanders, supra, the court held that the provisions of R.C.C. Article 1592, which prohibits heirs and legatees from being witnesses to wills, had no application to the statutory will. By Act 246 of 1974 LSA-R.S. 9:2442 was amended so as to specifically provide that a statutory will be dated and so as to provide that such *682 will be executed in the presence of two competent witnesses not otherwise disqualified under Articles 1591 and 1592 of the Civil Code.
The amendment of LSA-R.S. 9:2442 following Succession of Gordon, supra, and Woodfork v. Sanders, supra, appears to constitute a clear legislative expression that the provisions of our civil code generally applicable to all wills and not in conflict with LSA-R.S. 9:2442, likewise apply to the statutory will. We so hold.
Having answered the first question in the affirmative we next determine whether or not Dr. Melancon's attempted revocations of the subject legacies were made in one of the forms prescribed for testaments, and clothed with the same formalities as is required by R.C.C. Article 1692. Obviously they were not for the lineations and notations although made by the hand of the testator and signed, same are not dated nor were they executed in the presence of the requisite number of witnesses or the required number of witnesses and a Notary Public.
In spite of the fact that these attempted revocations do not comply with the formalities for testaments, codal or statutory, able counsel for the executor strongly urges that such revocations are valid under the provisions of R.C.C. Article 1589 and under the interpretation given to the provisions of that article by this court in Oroszy v. Burkard, 158 So.2d 405 (3rd Cir. 1963). We find no merit in this contention. We recognize that Article 1589 of the Revised Civil Code and the jurisprudence interpreting the provisions thereof recognize that the writer of an olographic will may alter or completely change testamentary dispositions in his handwritten testament without affecting its validity so long as the alterations or additions are made by the hand of the testator. In such cases it is not necessary that the testator's approval appear on the face of the will itself. Succession of Butterworth, 195 La. 115, 196 So. 39; Oroszy v. Burkard, supra. This informality regarding change in testamentary dispositions is not allowed, however, in other forms of wills rather as to such other forms of wills the provisions of R.C.C. Article 1692 apply.
We determine that the provisions of R.C.C. Article 1589 are peculiarly and exclusively applicable to erasures and additions made in olographic testaments. The olographic will is an informal testament that needs no attestation by witnesses and/or a notary public, the only requirement for its validity being that it be completely written, dated and signed by the testator. R.C.C. Article 1588.
It is well settled in the jurisprudence that even though a will is cast in one form, for example, a statutory will, the testator may effect a valid revocation of the statutory testament, or any disposition therein, through the use of a valid olographic will entirely written, dated and signed by the testator. Hessmer v. Edenborn, 196 La. 575, 199 So. 647 (La.1941). Had Dr. Melancon supplied a handwritten date to his notations and signature he would have validly revoked the bequest to the Ward children and to Linton Allen, however, Dr. Melancon's alteration, as written, is clearly not in any testamentary form recognized under Louisiana law. R.C.C. Article 1588; Succession of Walsh, 166 La. 695, 117 So. 777.
Having determined that the provisions of the Revised Civil Code with regard to the revocation of testaments do apply and that the attempted revocations by Dr. Melancon were without effect for want of form we do not reach a discussion of the third issue.
For the above and foregoing reasons the judgment of the district court is affirmed, all costs to be borne by the Succession.
AFFIRMED.