KLEES, Judge.
This is an appeal from a judgment annulling a probated statutory testament of Mrs. Ada S. Beard. Plaintiffs-appellees, nieces and nephews of the decedent, filed suit against Mrs. Joan Molaison, executrix of the probated testament, and Robert Molai-son, residuary legatee under the probated testament. Defendants-appellants argue on appeal that the trial judge erred in annulling the probated testament as plaintiff did not prove that decedent had the intent to revoke the statutory will.
On December 20, 1972, the decedent executed four multiple original wills, each identical in form and content. The first of these wills was filed in the Notarial Archives for Orleans Parish where it remained until the time of decedent’s death. The second of these originals remained in the file of Mrs. Beard’s attorney, Martin A. Welp. The third original was found in a brown leather bag that decedent kept in her bedroom. The bag not only contained the will, but also many of Mrs. Beard’s other important papers, e.g., insurance documents. The fourth original was found in Mrs. Beard’s safety deposit box located at the Whitney National Bank of New Orleans, Algiers Branch.
The will found in the possession of Mrs. Beard at the time of her death, the original found in her home, was probated on March 30, 1984. There were no markings on that will other than the original signatures of the testatrix, witnesses, and notary public. Sometime thereafter, Mrs. Beard’s safety deposit box was opened. The fourth multiple original was found in the box. On this multiple original, markings had been made. It was stipulated at trial that these markings had been made by the decedent. On page one at the bottom appears “wrong will, February 13, 1978” and the decedent’s signature. On page two at the bottom appears the decedent’s signature and then the phrase “The will is wrong” and then “On January 16, 1980. This will is void,” “big mistake”, and the decedent’s signature again. On page three, after the attestation clause, appears the phrase “This will is wronge” (sic) and then the decedent’s signature. Further, the will contains lines drawn through various parts of the will on all three pages.
On the basis of these markings, the trial court concluded that decedent had executed a valid olographic revocation of the statutory testament of December 20, 1972, and annulled the probated testament. We affirm.
Revocation of a testament must be made in one of the forms prescribed for testaments, and clothed with the same formalities. L.S.A.-C.C. article 1692. The statutes governing revocation of testaments are mandatory and must be strictly pursued. Succession of Melancon, 330 So.2d 679 (La.App. 3rd Cir.1976). It is well *1230 settled that a testator may effect a valid revocation of a statutory testament through the use of a valid olographic will entirely written, dated, and signed by the testator. Succession of Melancon, supra.
In Melancon, the decedent had executed a valid statutory will. In the margin opposite one of the legacies, the decedent had written “I revoke section F” and affixed his signature under the notation. The decedent had also drawn lines through another legacy, and affixed the notation “This item revoke” and then his signature. Neither notation was dated. The notations were found to be in the decedent’s handwriting. The Third Circuit held that had the decedent affixed a handwritten date to the notation and signature, he would have made a valid olographic revocation.
In the instant case, the markings and signature of Mrs. Beard had been dated in her handwriting. We conclude and hold that the decedent executed a valid olographic revocation as to form of the statutory will dated December 20, 1972.
Defendants-appellants argue that while the form of the revocation may have been executed properly, decedent did not have the intent to revoke the statutory will.
Appellants rely upon the testimony of several neighbors and relatives of the decedent, all whom would benefit under the statutory will, to support the contention that the decedent did not intend to revoke the statutory will. The testimony suggests that the decedent intended for the statutory will to be her last will and testament even after January 1980. The weight and credibility to be given to the testimony of these witnesses is to be determined by the trier of fact. On review the appellate court should not disturb the reasonable factual findings of the trial court in the absence of manifest error. Canter v. Koehring 283 So.2d 716 (La.1973). We do not find that the trial judge’s decision was manifestly erroneous. Further, we find that the decedent clearly expressed her intent to revoke when she wrote “This will is wrong. This will is void.” These terms are not ambiguous or vague. Reading these words in the way they are commonly used indicated that the will did not set up the correct manner in which she wished to dispose of her estate. We find that the decedent did have, and expressed clearly, her intent to revoke the statutory will in question.
Defendants-appellants further argue that the revocation is not valid as to the other multiple originals of the statutory will. Defendants suggest to this court that the theory adopted by the Louisiana Supreme Court in Jones v. Mason, 234 La. 116, 99 So.2d 46 (1958) is applicable to the case at bar. In Jones, the decedent executed three multiple originals of his testament (two of the three were carbons). Upon the decedent’s death, only the two carbon originals could be found. The court, stating that “each original is of equal dignity and force with any other,” held that the other original testaments could be probated. 99 So.2d at 47. The court concluded that the presumption that decedent intended to revoke the testament by destruction of the first multiple original “would be overcome by the fact that the testator had preserved one of the duplicate originals of his will in his possession.” 99 So.2d at 49.
Presumptions are established in the law to aid in the determination of facts. The presumption applied in Jones v. Mason is used to aid in the determination of the testator’s intent when a testament cannot be found. The presumption is utilized because when the testament cannot be found, one does not know if it was lost, accidentally destroyed, or revoked. The presumption is used because there is a question of the testator’s intent. In the present case, there is no question of the testatrix’s intent. The language used by the decedent clearly establishes her intention to revoke the statutory testament.
Accordingly, the judgment annulling the probated statutory testament of Mrs. Ada Suberville Beard is affirmed.
AFFIRMED.