PER CURIAM.
We reverse an order revoking the probate of a codicil to a will. The order also reinstated the will as if the codicil had never been executed. The evidence reflects that the testator attempted to revoke the codicil by destroying a photostatic copy. However, the appellant raises questions, in argument, of other possible motives.
An original will or codicil may only be revoked consistent with the provisions of section 732.506, Fla.Stat. (1975). In re Bancker’s Estate, 232 So.2d 431 (Fla. 4th DCA), cert. denied, 238 So.2d 111 (Fla. 1970). Simply destroying an unsigned copy, even one containing a photo image of the original signature, is insufficient to accomplish that end. Cf. Lowy v. Roberts, 453 So.2d 886 (Fla. 3d DCA 1984); In re D’Agostino’s Will, 9 N.J.Super. 230, 75 A.2d 913 (1950); In re Will of Wehr, 247 Wis. 98, 18 N.W.2d 709 (1945).
GUNTHER and STONE, JJ„ concur.
ANSTEAD, J., dissents with opinion.