622 So.2d 988 (1993)
In re the ESTATE OF Alexander TOLIN.
No. 79632.
Supreme Court of Florida.
July 1, 1993.
Rehearing Denied September 2, 1993.
*989 Daniel E. Oates, Daniel E. Oates, P.A., Pompano Beach, for petitioner.
Charles P. Johnson, Jr., Fort Lauderdale, for respondent.
HARDING, Justice.
We have for review In re Estate of Tolin, 594 So.2d 309, 310 (Fla. 4th DCA 1992), in which the Fourth District Court of Appeal certified the following question of great public importance:
MAY A CODICIL TO A WILL BE REVOKED BY DESTROYING A PHOTOGRAPHIC COPY IF THE TESTATOR BELIEVED THAT BY SUCH ACT HE WAS DESTROYING THE ORIGINAL AND THE TESTATOR INTENDED TO REVOKE THE CODICIL?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution and answer the question in the negative.
In order to expedite the proceedings before the district court, the parties stipulated a statement of the essential facts. The facts in the parties's stipulation follows:
On November 7, 1984, Alexander Tolin executed a Last Will and Testament. Under this Will[,] the residue of the descendent's [sic] estate was devised to his friend, Adair Creaig. The Will was prepared by his attorney, Steven Fine, and executed in the attorney's office. The original Will was retained by the attorney and a blue-backed xerox copy of the original executed Will was given to Mr. Tolin. On July 14, 1989, Alexander Tolin executed a Codicil to the Last Will and Testament which changed the residuary beneficiary from Adair Creaig to Broward Art Guild, Inc. This Codicil was also prepared by his attorney, Steven Fine, at the attorney's office. Again, the attorney retained the original in his office and Mr. Tolin was given a blue-backed photocopy of the original executed Codicil.
Alexander Tolin died on October 14, 1990. Approximately six months prior to his death, Mr. Tolin advised his neighbor[,] and a retired New York attorney, Ed Weinstein that he had made a mistake and that he wished to revoke the Codicil and reinstate Adair Creaig as the residuary beneficiary. Mr. Weinstein advised him that he could accomplish his purpose by tearing up the original Codicil. At a meeting at which Mr. Tolin and Mr. Weinstein were present, Mr. Tolin handed Mr. Weinstein a blue-backed document which he represented was his original Codicil. Mr. Weinstein looked at the document. It appeared to him to be the original Codicil and he handed it back to Mr. Tolin. Mr. Tolin then tore it up and destroyed it. It is not disputed that this document was torn up and destroyed with the intent, and for the purpose of revocation.
However, soon following Mr. Tolin's death, Mr. Weinstein spoke with Steven Fine and discovered for the first time that Mr. Fine had in his possession the original Will and Codicil. The document which Mr. Tolin tore up was actually the blue-backed xerox copy which Mr. Fine had given to Mr. Tolin at the time of its execution. It is undisputed that this was an exact copy of the fully executed original Codicil and was in all respects identical to the original except for the original signatures.
Steven Fine, the personal representative, petitioned the circuit court to admit the will and codicil to probate. He also filed a motion to determine the validity of the codicil. Additionally, Creaig filed a petition seeking revocation of the codicil. The circuit court entered an order revoking probate of the codicil and reinstating the provisions of the will.
On appeal, the district court reversed the circuit court and held that destroying an unsigned copy of a will or codicil, even one containing a photo image of the original signature, is insufficient to revoke the original *990 will or codicil under section 732.506, Florida Statutes (1989).[1] On rehearing, the district court certified the question raised by this case as one of great public importance, and we accepted jurisdiction.
The primary rule of construction in construing a will is ascertaining and giving effect to the testator's intent. Section 732.6005, Fla. Stat. (1989); Elliot v. Krause, 531 So.2d 74 (Fla. 1987). Additionally, it is well settled that strict compliance with the will statutes is required in order to effectuate a revocation of a will or codicil. In re Estate of Dickson, 590 So.2d 471, 472 (Fla. 3d DCA 1991); In re Estate of Bancker, 232 So.2d 431, 433 (Fla. 4th DCA), cert. denied, 238 So.2d 111 (Fla. 1970). Section 732.506 provides the procedure for revoking a will or codicil by physical act. Section 732.506 provides that
[a] will or codicil is revoked by the testator, or by some other person in [the testator's] presence and at [the testator's] direction, by burning, tearing, canceling, defacing, obliterating, or destroying it with the intent, and for the purpose, of revocation.
Thus, in order for a testator to effectively revoke a codicil, there must be a "joint operation of act and intention to revoke." In re Dickson, 590 So.2d at 473; Stewart v. Johnson, 142 Fla. 425, 194 So. 869 (1940).
Creaig argues that section 732.506 does not specifically require the destruction of the original codicil, but allows a testator to revoke a will or codicil by intentionally destroying a copy. She focuses on the language of section 732.506 that the testator revokes the will or codicil by "destroying it with the intent, and for the purpose, of revocation." (Emphasis added). Creaig urges that the use of the pronoun "it" does not specifically require the revocation of the original document, and that the Legislature left open the question of whether the destruction of a copy would be adequate to revoke a will or codicil. Thus, she concludes that because the testator in the instant case intentionally revoked the codicil and destroyed a "correct copy," the testator effectively revoked the codicil.
We reject Creaig's argument and find that the plain language of section 732.506 requires the intentional destruction of the original will or codicil in order to effectuate a revocation. Section 732.506, which describes the manner for revoking a will or codicil by a physical act, uses the pronoun "it" in reference to the terms "will or codicil" contained therein. The terms "will or codicil" are specifically defined as instruments "executed by a person in the manner prescribed by this code." Section 731.201(35), Fla. Stat. (1989). Further, section 732.502, Florida Statutes (1989), prescribes the manner used to properly execute a will or codicil. The use of the terms "will or codicil", which have specific statutory definitions, shows a legislative intent that in order to effectively revoke a will or codicil by a physical act, the document destroyed must be the original document.
Applying the law to the instant case, it is clear that the testator did not effectively revoke the codicil. The parties' stipulation shows that the testator destroyed a document which "was an exact copy of the fully executed original Codicil and was in all respects identical to the original except for the original signatures." Because the testator destroyed a copy of the codicil rather than the original codicil, his attempted revocation was ineffective.
The next issue we address is whether a constructive trust should properly be imposed when a testator fails to effectively revoke a codicil because of a mistake of fact which prevented the testator from fulfilling the requirements of section 732.506. A constructive trust is properly imposed when, as a result of a mistake in a transaction, one party is unjustly enriched at the expense of another. Wadlington v. Edwards, 92 So.2d 629 (Fla. 1957). Although this equitable remedy is usually limited to circumstances in which fraud or *991 a breach of confidence has occurred, it is proper in cases in which one party has benefited by the mistake of another at the expense of a third party. Holmes v. Holmes, 463 So.2d 578 (Fla. 1st DCA 1985).
In the instant case, the parties' stipulation shows that the testator destroyed the copy of the codicil "with the intent, and for the purpose of revocation." In fact, both parties further stipulated that the concise issue on appeal was whether the testator's destruction of the copy "while under the mistaken belief that it [was] the original codicil constitutes an effective revocation." It is clear that the testator's intent to revoke the codicil was frustrated by his mistake in destroying a copy of the codicil rather than the original. Further, the Broward Art Guild has benefited from the testator's mistake at the expense of Creaig. Thus, we find that a constructive trust is appropriate under these unique and undisputed facts.
This case shows the importance of distinguishing an original document from a copy. The facts in the instant case show that the testator's mistake in destroying a copy of the codicil, rather than the original, was caused by the high quality of the copy, which made it indistinguishable from the original. As technology advances, the determination of whether an instrument is an original or a copy may become more difficult. Thus, it is advisable for attorneys preparing documents, such as wills and codicils, to consider designating which documents are copies. Such a designation would have aided in the disposition of this case.
Accordingly, we approve the holding of the district court that the testator's destruction of a copy of a codicil is not an effective revocation of the codicil. However, we remand the case to the district court with directions that upon remand to the trial court, a constructive trust shall be imposed on the assets conveyed by the codicil for Creaig's benefit.
It is so ordered.
OVERTON, SHAW and GRIMES, JJ., concur.
McDONALD, J., concurs in result only with an opinion, in which BARKETT, C.J., and KOGAN, J., concur.
McDONALD, Justice, concurring in result only.
Under the unique facts of this I conclude that the testator effectively revoked his codicil. I thus agree with the trial judge and the dissent in the case under review. The effect of the majority opinion is to accomplish the result of a revoked codicil. While I quarrel with the route it took, the majority reaches the correct destination and I therefore concur in the result.
BARKETT, C.J., and KOGAN, J., concur.
NOTES
[1] We note the district court's opinion inadvertently cited section 732.506, Florida Statutes (1975).