PER CURIAM.
Appellants appeal the dismissal of their four count complaint. We reverse the dismissal as to one count, finding appellants sufficiently pled the elements of a constructive trust.
The Florida Supreme Court has held:
A constructive trust is properly imposed when, as a result of a mistake in a transaction, one party is unjustly enriched at the expense of another. Although this equitable remedy is usually limited to circumstances in which fraud or a breach of confidence has occurred, it is proper in eases in which one party has benefitted by the mistake of another at the expense of a third party.
In re Estate of Tolin, 622 So.2d 988, 990 (Fla.1993).
Here, appellants’ complaint alleged that appellee held certain assets from a Belgian bank account as the personal representative of the estate of Flore Lesieur. Appellants alleged further that Flore Lesieur had deposited the assets in the Belgian bank account with the instruction that the account be set up as a survivorship account so that appellants would own the assets automatically upon the death of Lesieur. Finally, appellants alleged that the bank, contrary to Lesi-eur’s instructions,'failed to title the account as a survivorship account, and therefore the assets came under the control of appellee upon Lesieur’s death. We find that appellants successfully pled facts that, if proven, would support the imposition of a constructive trust.
Accordingly, we reverse the dismissal of the count in appellants’ complaint seeking the imposition of a constructive trust. We affirm the dismissal of the remaining three counts, and remand for proceedings consistent with this opinion.
GLICKSTEIN and GROSS, JJ., and GOLDENBERG, RENEE, Associate Judge, concur.