830 So.2d 881 (2002)
Dale Monroe TAFT, individually and as Personal Representative of the Estate of Sarah Zack Taft, a/k/a Sarah Ann Zack, deceased, Appellant,
v.
Thomas Edward ZACK, John Robert Zack, Jr., Walter Alan Zack, Susan Lynn Lawson, and Nancy Ellen Rea, Appellees.
No. 2D01-3302.
District Court of Appeal of Florida, Second District.
October 18, 2002.
Rehearing Denied November 14, 2002.
*882 Michael S. Edenfield of Battle & Edenfield, P.A., Brandon, for Appellant.
Joseph A. Eustace, Jr. of Anthony J. LaSpada, P.A., Tampa, for Appellees.
SILBERMAN, Judge.
Dale Monroe Taft appeals a circuit court order that held the last will executed by Sarah Zack Taft (the decedent) had been revoked and the decedent died intestate. We reverse.
The decedent died on August 3, 2000. Her last will, dated January 26, 2000, was filed for probate. The will named her husband, Dale Monroe Taft, as the primary beneficiary. The will provided that if Mr. Taft did not survive the decedent, her five children (the appellees) would be the beneficiaries.
The children contested the will, and they filed a counterpetition for administration seeking to have an earlier will of the decedent admitted to probate. The children alleged that the last will had not been properly executed; that decedent's marriage to Mr. Taft was void at its inception; that the decedent lacked the requisite testamentary capacity; that the will was void as it had been procured through fraud, duress, mistake, or undue influence; and that the decedent had intended to remove Mr. Taft from the will and to leave her estate to the children.
At trial, the primary issue that was addressed was whether the will had been revoked. The will had been altered in two places: the devise to Mr. Taft and the sentence naming Mr. Taft as the personal representative were each lined through. The word "void" and the initials "SZT" were written next to each line-through. Other than the attempt to delete the references to Mr. Taft, the will was otherwise unmarked in any manner to indicate that the decedent intended to completely revoke the will. Also, there was nothing marked on the will to indicate that, after the alterations, the will had been executed with the requisite formalities to constitute a valid modification of the will. See §§ 732.505, .506, Fla. Stat. (2000); In re Shifflet's Estate, 170 So.2d 96, 98-99 (Fla. 3d DCA 1964).
In order to revoke a valid will, there must be both an act and an intention to revoke. In re Estate of Dickson, 590 So.2d 471, 473 (Fla. 3d DCA 1991). Clear evidence is required to prove the intent to revoke a properly made will. Id.
*883 The record does not support the conclusion that the decedent intended to revoke the will. While there was some evidence that the decedent did not want Mr. Taft to get her property and that she had been contemplating the possible dissolution of her marriage to Mr. Taft, the record reflects that she did not revoke the will by an act as contemplated by section 732.506 or by a codicil or other writing as contemplated by section 732.505.
At best, the evidence reflects an attempt to partially revoke the will. That attempt failed because Florida law does not allow the partial revocation of a will in the absence of compliance with the statutory requirements for revocation. See Shifflet, 170 So.2d at 98. The requirements were not met because the decedent did not sign the altered will at the end; her name was not subscribed at the end of the will by another person in her presence and at her direction; and there were no attesting witnesses to the altered will. See id. at 98-99; §§ 732.502, .505, Fla. Stat. (2000).
Because the decedent did not comply with the statutory requirements governing revocation of a will, the attempted revocation was a nullity. The will, as originally written, was entitled to be admitted to probate. See Shifflet, 170 So.2d at 98-99.
Concerning the other issues raised by the decedent's children in their pleadings filed in the trial court, the record does not provide a basis to affirm the trial court's order. Accordingly, we reverse the order declaring that the January 26, 2000, will was revoked, and on remand the trial court shall admit the will to probate.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.