TAYLOR, J.
Anthony Cioeta appeals an order admitting a will and first codicil to probate and appointing personal representatives in the Estate of Jerome Linet. We reverse, because the decedent’s attempted partial revocation of the first codicil is invalid, thus requiring probate of the unaltered first codicil.
On January 6, 1989, Jerome Linet executed his Last Will and Testament. He appointed Louis Claps, Maurice Lopatin, and appellant as co-personal representatives. On December 29, 1992, Mr. Linet executed a first codicil to his will, re-appointing Claps, Lopatin, and appellant, and adding Chase Manhattan Bank of Florida, N.A. as co-personal representatives.
Mr. Linet died on March 13, 2002. On April 16, 2002, Claps and appellant filed a Petition for Administration as co-personal representatives of the decedent’s estate.[1] A few weeks later, Harry and Rhonda Linet, the decedent’s son and daughter and sole beneficiaries of the estate, objected to the petition, asserting that decedent marked through his designation of appellant as co-personal representative in a first codicil to the will. At the time of the petition, Claps and appellant were unaware of the codicil’s existence.
The First Codicil to the Last Will and Testament of Jerome Linet, dated December 29,1992, provides:
I hereby nominate, constitute and appoint LOUIS CLAPS, MAURICE LO-PATIN, ANTHONY CIOETA and THE CHASE MANHATTAN BANK OF FLORIDA, N.A. as co-Personal Representatives of this my Last Will and Testament and direct that they shall not be required to furnish a bond for the faithful performance of their duties as Personal Representatives....
However, the beneficiaries produced a copy of the first codicil, on which the names of Maurice Lopatin, Anthony Cioe-ta, and Chase Manhattan Bank were lined through. Next to the stricken names, in the left margin, appeared the word “deleted,” the date “6-21-96,” and the decedent’s signature. There were no witnesses to the purported signature and the decedent’s signature was not at the end of the document.
On May 6, 2002, the beneficiaries filed their own petition for administration, to which Claps and appellant objected. At a hearing on May 21, 2002, appellant argued that the alleged attempted alteration of the *564 codicil was invalid under Florida law. The court determined, however, that the beneficiaries should be appointed as co-personal representatives, along with Claps, and that appellant should be excluded.
On May 31, 2002, appellant and Claps filed a petition for administration and enforcement of the original will and codicil, as unaltered. In their petition, they asserted that the alleged attempted alteration was invalid under section 732.505, Florida Statutes, and sought their appointment as co-personal representatives.
On June 6, 2002, the court issued an order admitting to probate the will and first codicil (as altered) and appointing Claps and the beneficiaries as co-personal representatives, but excluding appellant. Appellant’s motion for rehearing was denied.
Appellant argues that the partial revocation of decedent’s first codicil was ineffective because it did not strictly comply with Florida’s testamentary statutes. We agree.
“It is well settled that strict compliance with the will statutes is required in order to effectuate a revocation of a will or codicil.” Estate of Tolin, 622 So.2d 988 (Fla.1993). Here, the decedent attempted to partially revoke a codicil by subsequent writing. “Florida law does not allow the partial revocation of a will in the absence of compliance with the statutory requirements for revocation.” Taft v. Zack, 830 So.2d 881 (Fla. 2d DCA 2002).
Section 732.505, Florida Statutes, provides:
A will or codicil, or any part of either, is revoked:
(2) By a subsequent will, codicil, or other writing executed with the same formalities required for the execution of wills declaring the revocation.
Section 732.502 provides:
Every will must be in writing and executed as follows:
(1)(a) Testator’s signature.—
1. The testator must sign the will at the end; or
2. The testator’s name must be subscribed at the end of the will by some other person in the testator’s presence and by the testator’s direction.
(b) Witnesses. — The testator’s:
1. Signing, or
2. Acknowledgment:
a. That he or she has previously signed the will,
or
b. That another person has subscribed the testator’s name to it,
must be in the presence of at least two attesting witnesses.
(c) Witnesses’ signatures. — The attesting witnesses must sign the will in the presence of the testator and in the presence of each other.
(2) Any will, other than a holographic or nuncupative will, executed by a nonresident of Florida, either before or after this law takes effect, is valid as a will in this state if valid under the laws of the state or country where the will was executed. A will in the testator’s handwriting that has been executed in accordance with subsection (1) shall not be considered a holographic will.
(3) No particular form of words is necessary to the validity of a will if it is executed with the formalities required by law.
(4) A codicil shall be executed with the same formalities as a will.
If the decedent failed to observe the formalities for execution of a will speci *565 fied in section 732.502, his attempt at a partial revocation must be declared invalid. See Estate of Shifflet, 170 So.2d 96, 98-99 (Fla.App. 3d DCA 1965). When an attempted partial revocation of a will or codicil is invalid, the will or codicil as originally written must be admitted to probate. Id.
Taft is a recent case involving an attempted partial revocation by physical act. There, the decedent, as in this case, drew a line through the name of the personal representative and next to it wrote the word “void” and her initials. The second district concluded that this attempt to partially revoke the will was ineffective because the decedent failed to comply with these statutory requirements: the decedent did not sign the altered will at the end; her name was not subscribed at the end of the will by another person in her presence and at her direction; and there were no attesting witnesses to the altered will.
Taft is on all fours with this case. Here, the decedent’s attempt to revoke a portion of' his first codicil by lining through the names of three designated personal representatives and placing the word “deleted,” his signature, and date in the adjoining margin failed to meet the mandatory will formalities of section 732.502. The decedent did not sign the altered first codicil at the end of the document, and he had no attesting witnesses to the attempted partial revocation. Consequently, his attempted partial revocation must be ruled invalid.
Accordingly, we reverse the order and remand with instructions to the trial court to admit the decedent’s first codicil, as unaltered, and appoint only the personal representatives named therein. See Schleider v. Estate of Schleider, 770 So.2d 1252 (Fla. 4th DCA 2000)(“The general rule of law is that trial courts do not have discretion to refuse to appoint the personal representative named by the testator in the will unless that person is disqualified by law. Clearly, the testator’s selection of a personal representative should be afforded great deference. Only in exceptional circumstances does a court have the discretion to refuse to appoint a person as personal representative who was named in the decedent’s will.” (citations omitted)).
REVERSED and REMANDED for further proceedings consistent with this opinion.
GUNTHER, J. and TOBIN, VICTOR, Associate Judge, concur.

. Maurice Lopatin predeceased the decedent.