PALMER, J.
Ronald E. Dahly (the son) appeals the probate court’s order finding Ronald N. Dahly’s (the father) will and codicil invalid. Concluding that the evidence of record does not support the probate court’s ruling, we reverse and remand with instructions to admit the father’s unaltered will and codicil to probate.
On October 19,1977, the father executed his last will and testament. The original will was followed by a codicil prepared by an attorney on February 2, 1984. The father passed away on January 16, 2003.
Two weeks after the father died, appel-lee Maxine Dahly (the wife) filed a petition for administration attaching a copy of the father’s will thereto. The will named the father’s former wife and step-daughter as his personal representatives; however, both women had predeceased the father. In her petition for administration, the wife requested that the probate court appoint her to be the personal representative of the father’s estate and that she be treated as a pretermitted spouse.[1]
In response to the wife’s petition, the son filed a petition requesting the court to order the wife to produce the original copy of the father’s will, and a separate petition objecting to the wife’s request to be appointed as personal representative of the father’s estate. Of particular importance to the instant case, in response to the son’s petitions the wife submitted the father’s original will to the court for probate. However, the original document was marked up (allegedly by the father), indicating a desire by the father to eliminate certain paragraphs, to change some of the wording, and to add heirs. Included on the will was a note signed by the father with the words: “Please draw up new will making all changes noted here.”
The matter proceeded to a hearing on the pending motions. During the hearing the wife raised for the first time the issue of whether the father’s will was valid in light of the fact that several provisions had been altered. Upon review of the arguments presented, the probate court entered an order finding the father’s will and codicil invalid and non-enforceable. The son challenges this ruling, arguing that the father’s elimination of certain moot paragraphs and the attachment of a signed *747 note containing instructions to an unspecified party to draw up a new will fails to comply with the statutory formalities required for will revocation, and therefore, the father’s will and codicil, in its unaltered form, must be admitted to probate. We agree. -
Section 732.502 of the Florida Statutes sets forth the requirements for executing a will in Florida:
732.502 Execution of wills.—
Every will must be in writing and executed as follows:
(1) (a) Testator’s signature.—
1. The testator must sign the will at the end; or
2. The testator’s name must be subscribed at the end of the will by some other person in the testator’s presence and by the testator’s direction.
(b) Witnesses. — The testator’s:
1. Signing, or
2. Acknowledgment:
a. That he or she has previously signed the will, or
b. That another person has subscribed the testator’s name to it, must be in the presence of at least two attesting witnesses.
(c) Witnesses’ signatures. — The attesting witnesses must sign the will in the presence of the testator and in the presence of each other.
(2) Any will, other than a holographic or nuncupative will, executed by a nonresident of Florida, either before or after this law takes effect, is valid as a will in this state if valid under the laws of the state or country where the will was executed. A will in the testator’s handwriting that has been executed in accordance with subsection (1) shall not be considered a holographic will.
(3) No particular form of words is necessary to the validity of a will if it is executed with the formalities required by law.
(4) A codicil shall be executed with the same formalities as a will.
§ 732.502, Fla. Stat. (2002). Section 732.505 of the Florida Statutes sets forth the statutory requirements for revocation of a will by writing:
732.505Revocation by writing.—
A will or codicil, or any part of either, is revoked:
(1) By a subsequent inconsistent will or codicil, even though the subsequent inconsistent will or codicil does not expressly revoke all previous wills or codicils, but the revocation extends only so far as the inconsistency.
(2) By a subsequent will, codicil, or other writing executed with the same formalities required for the execution of wills declaring the revocation.
§ 732.505, Fla. Stat. (2002). Section 732.506 sets forth the statutory requirements for revocation by act:
732.506. Revocation by act
A will or codicil is revoked by the testator, or some other person in the testator’s presence and at the testator’s direction, by burning, tearing, canceling, defacing, obliterating, or destroying it with the intent, and for the purpose, of revocation.
§ 732.506, Fla. Stat. (2002).
Strict compliance with the probate statutes is required in order to effectuate both an execution and a revocation of a will or codicil. In re Estate of Tolin, 622 So.2d 988 (Fla.1993). Therefore, when a decedent fails to observe the formalities for execution of a will his attempt at a partial revocation must be declared invalid. In re Skifflet’s Estate, 170 So.2d 96 (Fla. *748 3d DCA 1964). Furthermore, when an attempted partial revocation of a will or codicil is found invalid, the will or codicil as originally written must be admitted to probate. Id.
Here, the father’s attempt to revoke portions of his will by lining through the name of the designated personal representative, placing the word “delete” over certain paragraphs in the will, and placing his signature with the words, “Please draw up a new will making all changes noted here” on a note in the adjoining margin failed to meet the statutory requirements for revocation. To that end, the father did not burn, tear, cancel, deface, obliterate, or destroy the will for the purpose of revocation. Rather, he apparently attempted to modify some but not all of the terms of his existing will. Additionally, and perhaps more importantly, the father did not sign the altered will at the end of the document, nor did he have any attesting witnesses to the altered document. Consequently, the probate court erred in concluding that the father’s actions constituted revocation. See Cioeta v. Estate of Linet, 850 So.2d 562 (Fla. 4th DCA 2003)(holding that a line through names of some of the named personal representatives on a copy of father’s first codicil, and the word “deleted,” the date “6-21-96,” and decedent’s signature next to the stricken names on left margin of the copy was an invalid partial revocation of the codicil, where revocation did not strictly comply with state’s testamentary statutes, in that decedent did not sign the altered first codicil at end of the document, and he had no attesting witnesses to the attempted partial revocation); Taft v. Zack, 830 So.2d 881 (Fla. 2d DCA 2002)(explaining that the decedent’s act of drawing a line through the name of the personal representative and next to it writing the word “void” and her initials was ineffective because the decedent failed to comply with these statutory requirements: the decedent did not sign the altered will at the end; her name was not subscribed at the end of the will by another person in her presence and at her direction; and there were no attesting witnesses to the altered will). Compare In re Wider’s Estate, 62 So.2d 422 (Fla.1952)(holding that in will contest evidence sustained findings that testator, after executing his will, intentionally and effectively revoked such will by cutting out his signature and the signatures of witnesses).
REVERSED and REMANDED.
SAWAYA, C.J., and MONACO, J., concur.

. See 732.507(1), Fla. Stat. (2002).