DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARGOT M. CAVEGLIA** and **CHRISTOPHER CAVEGLIA,**
Appellants,

v.

**DIANA H. HEINEN** and
**EDWARD DOWNEY, ESQ.,** as personal representative,
Appellees.

No. 4D21-3624

[March 8, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Ryan Kerner and Rosemarie Scher, Judges; L.T. Case No. 50-2019-CP-004273-XXXX-SB.

Justin C. Carlin of The Carlin Law Firm, PLLC, Fort Lauderdale, for appellants.

Edward Downey of Downey | McElroy, P.A., Palm Beach Gardens, for appellees.

WARNER, J.

Appellants, Margot M. Caveglia and Christopher Caveglia, appeal a final judgment that revoked their appointment as personal representatives of an intestate estate. The trial court instead appointed appellee Edward Downey as personal representative of the decedent's estate based upon a will executed in 2014. Appellants claim that the 2014 Will was revoked by a holographic will executed by the decedent in 2015 in Louisiana. Because a testamentary instrument's validity is determined by the law of the state where the testator is domiciled at death, which in this case is Florida, the 2015 Will cannot be recognized as revoking the decedent's 2014 Will. Therefore, the court correctly appointed appellee Downey as the personal representative under the 2014 Will. We affirm.

Rory Ernest MacDowell, the decedent, executed a Last Will and Testament dated May 15, 2014. Then, in 2015, the decedent handwrote the 2015 Will, in which he stated he was revoking prior wills, but the 2015

Will was not witnessed. The decedent resided in Louisiana when he executed both wills.

The decedent moved to Florida around the end of 2018, and died in Florida in July 2019. Unaware the decedent had executed any will, appellants—the decedent's daughter and son-in-law—filed a petition for administration of an intestate estate. The court appointed appellants as personal representatives and issued letters of administration.

Sometime thereafter, a relative found both the 2014 Will and the 2015 Will in a book.

In January of 2021, appellee Heinen, the decedent's longtime partner, filed a petition to admit a later discovered will to probate and then an amended verified petition seeking to probate the 2014 Will. Appellants answered and asserted an affirmative defense contending that the holographic 2015 Will revoked the 2014 Will. Heinen replied that the 2015 Will was invalid under Florida law, because it was holographic and unwitnessed. The parties stipulated that the 2014 Will was executed in accordance with both Florida and Louisiana law.

The parties filed cross-motions for summary judgment. Appellants claimed that the 2015 Will revoked the 2014 Will under Louisiana law, and as the 2015 Will is not recognized in Florida, the decedent died intestate. Heinen contended that because the 2015 Will is not recognized in Florida, it could not validly revoke the 2014 Will.

After a hearing on the competing motions for summary judgment, the court granted Heinen's motion. The court found that the decedent died a domiciliary of Florida. The court determined that the 2015 Will was invalid under Florida law and as such was invalid as a revocation instrument. Based on the summary judgment order, the court entered final judgment, revoking appellants' letters of administration and appointing appellee Downey as personal representative under the 2014 Will. This appeal follows.

The standard of review for choice-of-law questions is de novo. *Williams-Paris v. Joseph*, 329 So. 3d 775, 778 (Fla. 4th DCA 2021). Appellants contend that Louisiana law should determine whether the 2015 Will revoked the 2014 Will, since the decedent was domiciled in Louisiana when both wills were executed. They claim that the fact that the decedent moved to Florida in 2018 could not operate to "revive or resurrect" the 2014 Will that had been revoked under Louisiana law by the 2015 Will.

2

We disagree, because that would require a Florida court to enforce a will not valid under the laws of this state.

"The primary goal of the law of wills, and the polestar guiding the rules of will construction, is to effectuate the manifest intent of the testator." *In re Est. of Dickson*, 590 So. 2d 471, 472 (Fla. 3d DCA 1991) (citing *Marshall v. Hewett*, 156 Fla. 645, 648, 24 So. 2d 1, 2 (1945)). "Notwithstanding this goal, *strict compliance with statutory requirements is a prerequisite for the valid creation or revocation of a will.*" *Id.* (emphasis added); *In re Est. of Tolin*, 622 So. 2d 988, 990 (Fla. 1993) ("[I]t is well settled that strict compliance with the will statutes is required in order to effectuate a revocation of a will or codicil."); *Cioeta v. Est. of Linet*, 850 So. 2d 562, 564 (Fla. 4th DCA 2003) (same); *see also Dickson*, 590 So. 2d at 472 ("Furthermore, it is generally held that . . . a written revocation cannot be found when not performed in compliance with section 732.505[.]").

This requirement of strict compliance with state law in executing both a will and a revocation instrument is not unusual. Louisiana also provides for the revocation of a will by statutory regulation and "such statutes are mandatory and strictly pursued." *Succession of Melancon*, 330 So. 2d 679, 681 (La. Ct. App. 1976); *Succession of Beard*, 483 So. 2d 1228, 1229 (La. Ct. App. 1986) ("The statutes governing revocation of testaments are mandatory and must be strictly pursued.").

"A will speaks as of the time of the death of the testator." *Est. of Murphy*, 340 So. 2d 107, 109 (Fla. 1976). Wills are ambulatory, and as such the revocation is not determined until the death of the decedent. *See In re Est. of Algar*, 383 So. 2d 676 (Fla. 5th DCA 1980) (stating "wills are ambulatory, and revocability is an essential element of a will").

These principles are embodied in the Restatement. Restatement (Second) of Conflict of Laws § 263 (Am. L. Inst. 1971) provides:

> (1) Whether a will transfers an interest in movables and the nature of the interest transferred *are determined by the law that would be applied by the courts of the* state *where the testator was domiciled at the time of his death.*
>
> (2) *These courts would usually apply their own local law in determining such questions.*

(Emphasis added). With respect to revocation of a will, Restatement (First) of Conflict of Laws § 307 (Am. L. Inst. 1934) states:

Whether an act claimed to be a revocation of a will is effective to revoke it as a will of movables is determined by the law of the state in which the deceased was domiciled at the time of his death.

Although appellant notes that not all states follow these principles, we conclude that Florida statutes require adherence to them. To do otherwise would compel Florida courts to breathe life into instruments that Florida statutes do not recognize as valid.

While Louisiana law permits holographic wills, Florida does not unless the instrument is witnessed with the same formalities as any will. Florida law expressly does not recognize holographic wills executed by non-residents. Section 732.502(2), Florida Statutes (2019), states:

Any will, *other than a holographic or nuncupative will*, executed by a nonresident of Florida, either before or after this law takes effect, is valid as a will in this state if valid under the laws of the state or country where the will was executed. A will in the testator's handwriting that has been executed in accordance with subsection (1) shall not be considered a holographic will.

(Emphasis added). With respect to revocation, section 732.505(2), Florida Statutes (2019), provides that a will is revoked "[b]y a subsequent will, codicil, or other writing *executed with the same formalities required for the execution of wills* declaring the revocation." *Id.* (emphasis added). Here, because the 2015 Will was not executed with the formalities of section 732.502(1), it cannot be probated as a will in Florida, nor can it act as a revoking document.

The trial court relied on *Zaidman v. Zaidman*, 305 So. 3d 330 (Fla. 3d DCA 2020) as controlling. In *Zaidman*, the decedent executed a will in Florida in 2012, with the requisite formalities under section 732.502(1), and then wrote a holographic will in Belgium in 2015. *Id.* at 331. After the decedent's death, the parties filed the competing wills for probate. The trial court concluded that the earlier Florida will controlled and had not been revoked by the later Belgian will. *Id.*

On appeal, the court noted that while the primary goal of the law of wills was to effectuate the intent of the testator, strict compliance with the probate code was a prerequisite to creating a revocation of a will. *Id.* at 332. The court found the holographic will was not executed in strict

4

compliance with section 732.502, Florida Statutes, and thus was invalid as a will in Florida. *Id.* at 332–33. The court explained, "Florida courts refuse to recognize holographic wills that are not executed in strict compliance with Florida's testamentary statutes, even if the will is valid under the laws of the state or country of execution." *Id.* at 332; *see also In re Est. of Olson*, 181 So. 2d 642, 642 (Fla. 1966) (affirming trial court's order denying the probate of a holographic will "because it was not attested by two witnesses"); *In re Est. of Salathe*, 703 So. 2d 1167, 1168 (Fla. 2d DCA 1997) (holding that holographic will executed by the decedent in Germany "is without force or effect under Florida law") (citing § 732.502(2), Fla. Stat. (1995)); *Lee v. Est. of Payne*, 148 So. 3d 776, 777 (Fla. 2d DCA 2013) (affirming trial court's ruling that testator's handwritten will, which was valid under Colorado law, was invalid in Florida because the testator "signed his will without attesting witnesses").

The *Zaidman* court also found the statutorily required formalities for wills prevented the holographic will from being recognized as an instrument of revocation, stating:

> The revocation clause within the 2015 Will fails under section 732.505, for the same reason the 2015 Will in its entirety fails under section 732.502—the formalities necessary for execution for an instrument of revocation are the same as those applicable to the Florida last will and testament sought to be revoked. In this case, those statutory formalities were not followed with respect to the purported revocation.

305 So. 3d at 333. We agree with *Zaidman*. Similarly, in this case, the 2015 Will can neither be recognized as a will or an instrument of revocation under Florida law.

## Conclusion

Florida law on the date of a domiciliary decedent's death determines the validity of wills and instruments of revocation. Accordingly, the trial court correctly granted summary judgment declaring that the holographic 2015 Will was ineffective to revoke the 2014 Will. The court therefore properly revoked appellants' letters of administration and appointed appellee Downey personal representative based on the 2014 Will.

*Affirmed.*

KLINGENSMITH, C.J., and CIKLIN, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*